UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
VALERIY AVETISYANTS  and            :
AMG TRADING, LTD.,
                                    :
        Plaintiffs,
                                    :    No. 3:12cv0912(SRU)(WIG)
ASTROMEDIA GLOBAL, INC., and
ALEXANDER NEHRING,                  :

        Defendants.                 :
--------------------------------------------------X
```

RECOMMENDED RULING ON PLAINTIFFS' MOTION
FOR SUPPLEMENTAL ORDER IN AID OF PREJUDGMENT REMEDY [Doc. # 85]

On November 4, 2013, this Court approved a Stipulation Regarding Plaintiffs' Application for Prejudgment Remedy, which had been entered into and signed by all parties to this action. The Stipulation provides for a prejudgment remedy of attachment in favor of Plaintiffs in the amount of $525,000.00. Subsequent asset disclosures by Defendants revealed that they have few, if any, assets available in Connecticut with which to satisfy this prejudgment remedy. Thus, Plaintiffs have moved for an ancillary order requiring Defendants to bring sufficient assets into Connecticut to be held by the Clerk of the Court to satisfy the prejudgment remedy or to post a cash bond in lieu of attachment.

Specifically, Plaintiffs ask this Court to order Defendants to bring into Connecticut the following assets: all shares of St. Hedwig Memorial, Inc. ("St. Hedwig"), a Belizian corporation wholly owned by Nehring; the shares of AstroMedia Global, Ltd. Holding Company, a British Virgin Islands company "the BVI Holding Company", owned by St. Hedwig; the shares of AstroMedia Global Ltd., a United Kingdom company ("AstroMedia UK"), owned by the BVI

1

Holding Company; and the shares of ZAO Astromedia ("ZAO"), a Russian company, also owned by the BVI Holding Company.

Where a defendant, subject to a prejudgment remedy of attachment, has no assets or insufficient assets located in Connecticut, a court may "effectuate [the] prejudgment remedy issued under Connecticut law by ordering the parties over whom the Court has *in personam* jurisdiction to bring such assets into Connecticut for purposes of attachment." *Lyons Hollis Assocs., Inc. v. New Tech. Partners, Inc.*, 278 F. Supp. 2d 236, 246 (D. Conn. 2003) (citing *Hamma v. Gradco Sys., Inc.*, No. B89-437, 1992 WL 336740, at *3 (D. Conn. Nov. 4, 1992)) (internal quotation marks omitted). Here, the Court has *in personam* jurisdiction over Defendants Nehring and Astromedia Global, Inc. Because it lacks *in personam* jurisdiction over St. Hedwig and the BVI Holding Company, the Court lacks the power to order either of these companies to bring their assets into Connecticut to effectuate the prejudgment remedy. Accordingly, Plaintiffs' motion is denied as to the shares of the BVI Holding Company owned by St. Hedwig, and the shares of AstroMedia UK and ZAO, owned by the BVI Holding Company.

As to the shares of St. Hedwig, owned by Nehring, the parties disagree as to whether a probable cause standard, *e.g., Hamma*, 1992 WL 336740, at *3, or an irreparable harm standard, *e.g., Metal Mgmt., Inc. v. Schiavone*, 514 F. Supp. 2d 227, 240 (D. Conn. 2007), applies to this ancillary request for relief in aid of a prejudgment remedy. The case law from this District has applied both standards. This Court, however, does not need to address this issue for, even if the more lenient probable cause standard were applied, in this case there has been no probable cause hearing. The parties entered into a stipulation "without any admissions as to any facts, liability or the merits concerning the PJR application." (Stip. at 1). Thus, there has been no finding of

probable cause.

Plaintiffs have also requested that Defendants be ordered to post a cash bond. Pursuant to Rule 64, Fed. R. Civ. P., this Court is limited to the remedies available under state law. There is no statutory basis for Plaintiffs' requested remedy in the form of a cash bond. *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, No. Civ. 3:00CV1247, 2002 WL 32506290, at *3 (D. Conn. Aug. 12, 2002). Connecticut's prejudgment remedy statute defines "prejudgment remedy" as

> any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order.

Conn. Gen. Stat. § 52-578a(d). The definition of prejudgment remedy is expressly limited to attachment, foreign attachment, garnishment, and replevin. *Security Ins. Co.*, 2002 WL 32506290, at *3 (citing *R.I. Hosp Trust Nat'l Bank v. Trust*, 25 Conn. App. 28, 30-31 (1991) (holding that when legislation defines the terms used therein, such definition is exclusive of all others, "*expressio unius est exclusio alterius*")). There is nothing in this statutory definition that provides for the posting of a cash bond in support of a prejudgment remedy. Although other sections of the Prejudgment Remedy Chapter allow a defendant to request the substitution of a bond for the prejudgment remedy, *see* Conn. Gen. Stat. §§ 52-578c(g), 52-578e(d), this is a procedure available to the defendant, not the plaintiff. *See Security Ins. Co.*, 2002 WL 32506290, at *3 (holding that a bond is available only when the defendant elects to substitute it for a given prejudgment remedy). Since no such request has been made, the Court lacks the power to require Defendants to post a cash bond. *Id.*

Accordingly, the Court recommends that Plaintiffs' Motion for Supplemental Order in

3

Aid of Prejudgment Remedy [Doc. # 85] be DENIED.  This is a recommended ruling.  Any objections must be filed within fourteen (14) days after being served with a copy of this ruling.  *See* Rule 72(b)(2), Fed. R. Civ. P.

    SO ORDERED, this   20th   day of March, 2014, at Bridgeport, Connecticut.


       /s/ *William I. Garfinkel*
       WILLIAM I. GARFINKEL
       United States Magistrate Judge