UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VALERIY AVETISYANTS, et al.,
    Plaintiffs,

v.                                                                                   No. 3:12-cv-912 (SRU)

ASTROMEDIA GLOBAL, INC., et al.,
    Defendants.

**RULING AND ORDER ADOPTING AND APPROVING IN PART MAGISTRATE JUDGE'S RECOMMENDED RULING, DENYING PLAINTIFFS' MOTION FOR A SUPPLEMENTAL ORDER IN AID OF PREJUDGMENT REMEDY, AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

On December 6, 2013, plaintiffs AMG Trading Ltd. ("AMG Trading") and Valeriy Avetisyants moved for a supplemental order in aid of prejudgment remedy (docs. 85, 86). That motion was referred to Magistrate Judge William I. Garfinkel (doc. 63), who issued a Recommended Ruling that the motion be denied (doc. 106). Shortly thereafter, the plaintiffs filed a motion for reconsideration of Judge Garfinkel's Recommended Ruling (doc. 108) and an objection to the Recommended Ruling (doc. 110).

For the reasons that follow, the Recommended Ruling (doc. 106) is APPROVED and ADOPTED in part, the plaintiffs' motion for a supplemental order in aid of prejudgment remedy (docs. 85, 86) is DENIED without prejudice to filing a renewed application for prejudgment remedy, and the plaintiffs' motion for reconsideration (doc. 108) is DENIED.

**I.    Standard of Review**

    A.  <u>Motion for Reconsideration</u>

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided, *id.*, but may be granted where there is a need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478).

    B. Motion for Prejudgment Remedy

Connecticut law allows plaintiffs to apply for a prejudgment remedy ("PJR"), that is, "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment." Conn. Gen. Stat. § 52-278a(d). A plaintiff seeking damages in a civil action brought in the U.S. District Court for the District of Connecticut under the court's diversity jurisdiction, 28 U.S.C. § 1332, may apply to the district court for prejudgment remedy. *Hartford Provision Co. v. United States*, 579 F.2d 7, 9–10 (2d Cir. 1978).

Connecticut's PJR statute requires that the plaintiff include with its application for PJR an affidavit sworn by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount sought by the PJR, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff. Conn. Gen. Stat. §§ 52-278c, 52-278d; *Margolin v. Kleban & Samor, P.C.*, 275 Conn. 765, 767–68 n.3 (2005). A court considering a PJR application must hold a PJR hearing and make a finding of probable cause before a PJR will issue. Conn. Gen. Stats. §§ 52-

278c, 52-278d.  In the context of a PJR application, "probable cause" is a "bona fide belief in the existence of the facts essential under the law" for the plaintiff to prevail.  *Landmark Inv. Grp., LLC v. Chung Fam. Realty P'ship, LLC*, 137 Conn. App. 359, 370, *cert. denied*, 307 Conn. 916 (2012) (internal citations omitted).

**II.    Background**

AMG Trading and Valeriy Avetisyants filed this action against Alexander Nehring, Astromedia Global, Inc., and ten unidentified defendants alleging breach of contract, unjust enrichment, fraud, tortious interference with business relations, and violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110a, *et seq.*, in relation to a project by the Government of Turkmenistan to manufacture and launch a telecommunications satellite.  *See generally* Compl. (doc. 1).  Shortly thereafter, the plaintiffs moved for prejudgment remedy seeking attachment of the defendants' real and personal property located in Connecticut (doc. 53), pursuant to Connecticut General Statutes § 52-278(n).  I referred that motion to Magistrate Judge Garfinkel (doc. 63), and shortly thereafter the parties entered into a Stipulation regarding attachment of the defendants' property located in Connecticut (doc. 73).  Judge Garfinkel approved the parties' Stipulation, granted the plaintiffs' motion "to the extent set forth in the parties' Stipulation," and did not rule on the merits of the PJR application (doc. 77).  No PJR hearing was held, and Judge Garfinkel did not issue a finding of probable cause regarding the PJR application.

That Stipulation provided that the defendants would attach property in the amount of $525,000.00, subject to an exemption of $17,500 and any other allowable property exemptions, and it set forth a timeline for the defendants to disclose their assets to the plaintiffs.  Stipulation

¶¶ 2–3 (doc. 73).  The Stipulation expressly reserved resolution of the issue whether the defendants' assets located outside of Connecticut could be transferred to the state to satisfy the plaintiffs' PJR application, refrained from admitting any fact or wrongdoing, and reserved the plaintiffs' ability to file a supplemental motion regarding attachment if the assets attached under the Stipulation were insufficient to satisfy the amount set forth in the PJR application and the Stipulation.  *Id.* ¶ 4.  The Stipulation additionally noted that it was entered into expressly to avoid the expense of proceeding to a motion hearing on the application and that through the Stipulation the parties "agreed to compromise, settle and resolve Plaintiffs' … PJR application, without any admissions as to any facts, liability or the merits concerning the PJR application."  *Id.* ¶ 6.[1]

The named defendants disclosed their assets in Connecticut, which include shares in a Belize corporation known as St. Hedwig Memorial, Inc.—but did not disclose the value of those shares—two pieces of real property burdened with a mortgage and unpaid property taxes that exceed the properties' market value, and the proceeds of an "account receivable" from the plaintiffs to the defendants for the work related to the events underlying this lawsuit.  Pls.' Supp. PJR Br. 2–3 (doc. 86).  The plaintiffs subsequently filed a motion for a supplemental order directing the defendants to bring assets into Connecticut for attachment or to provide a cash bond in the amount of $525,000.  *Id.*

Judge Garfinkel issued a ruling recommending that the plaintiffs' supplemental motion be denied for failure to comport with the PJR statute's probable cause requirement and for

---

1. The relevant section reads:

> Since this Stipulation is made in settlement and compromise of Plaintiff's [sic] existing application for prejudgment remedies and is being entered at the request of the parties without any admission of any fact, or any admission of liability or wrongdoing, nothing herein shall be deemed to have any law of the case or collateral estoppel effect.

requesting relief beyond the scope of the statute and outside the personal jurisdiction of this Court.  Recommended Ruling 2–3 (doc. 106).  The plaintiffs object to that ruling, arguing that, by approving the parties' Stipulation, Judge Garfinkel impliedly found probable cause the plaintiffs would prevail within the meaning of Connecticut's PJR statute. Plaintiffs also argued that this Court has personal jurisdiction over defendant Nehring and should order him to transfer his shares in two foreign companies—St. Hedwig Memorial, Inc., and BVI Holding Company—to Connecticut for attachment.

### III.  Discussion

#### A.  The Effect of the Order Approving the Parties' Stipulation

Because the PJR statute is a derogation of the common law, Connecticut mandates strict compliance with the requirements of its PJR statute.  *Ledgebrook Condominium Ass'n, Inc. v. Lusk Corp.*, 172 Conn, 577, 582–83 (1977).  Connecticut General Statutes § 52-278b further provides that "no prejudgment remedy shall be available to a person in any action at law or equity . . . unless he has complied with the provisions of sections 52-278a to 52-278g."  Those sections require, among other things, a finding of probable cause and a hearing to determine whether probable cause exists.  Conn. Gen. Stat. §§ 52-278c, 52-278d.  Those requirements are mandatory, and a PJR shall not issue if they are not satisfied.  *Essex Grp., Inc. v. Ducci Elec. Co., Inc.*, 181 Conn. 524, 525 (1980); *see also Danmar Assocs. v. Porter*, 43 B.R. 423, 431 (D. Conn. 1984).

The plaintiffs argue that when Judge Garfinkel approved the parties' stipulation and granted the plaintiffs' PJR motion "to the extent set forth in the parties' Stipulation," his order made an implied finding of probable cause for the purposes of issuing a PJR.  That reading of the

Order undermines the plain language of the terms of the Stipulation and would conflict with Connecticut's statutory requirements for issuance of a PJR.

The parties' Stipulation did not establish the prerequisites of a PJR, but rather stipulated that the defendants would disclose their assets and agree to permit attachment of property in the amount of $525,000.00, subject to an exemption of $17,500 and any other allowable property exemptions. Although the parties agreed that the PJR application "may be granted," they did so through a private agreement that attempted to satisfy the goals of a PJR—to secure a defendant's assets and forestall the dissipation thereof, while allowing the defendant to protect himself until the entry of final judgment. *Gagne v. Vaccaro*, 80 Conn. App. 436, 452–53 (2003), *cert. denied*, 268 Conn. 920 (2004). Judge Garfinkel's recommendation that the Stipulation be approved was thus an endorsement of an agreement among the parties, not a finding of probable cause or the issuance of a PJR. Accordingly, the Recommended Ruling did not overlook controlling authority or facts that would alter the conclusion reached by the court regarding the plaintiffs' supplemental motion. The Recommended Ruling is approved and adopted with respect to its rejection of the plaintiffs' contention that the parties' Stipulation established probable cause for the purposes of issuing a PJR order.

    B.   The Impact of the Court's Personal Jurisdiction on Orders to Transfer Assets

A district court may "effectuate a prejudgment remedy issued under Connecticut law" by ordering the parties over whom the court has personal jurisdiction to bring such assets into Connecticut for the purposes of attachment. *Lyons Hollis Assocs., Inc. v. New Tech. Partners, Inc.*, 278 F. Supp. 2d 236, 246 (D. Conn. 2002); *see Inter-Reg'l Fin. Grp. v. Hashemi*, 562 F.2d 152, 154 (2d Cir. 1977), *cert. denied*, 434 U.S. 1046 (1978). The Court has such jurisdiction over the named defendants in this case. The plaintiffs request that the court order the named

defendants to transfer assets to Connecticut for attachment, or in the alternative, to post a cash bond in the amount of $525,000.00.

Although the Recommended Ruling noted that the foreign entities identified in the plaintiffs' supplemental motion, St. Hedwig Memorial, Inc. and BVI Holding Company, are beyond the personal jurisdiction of this Court, it did not address the plaintiffs' request to transfer the property of defendants properly before this court.[2]  Because there has been no determination of probable cause or a PJR hearing, I need not determine whether the defendants in this case must be ordered to transfer assets to Connecticut at this time.  Insofar as the plaintiffs seek to attach the named defendants' property or stock in companies over which this Court has no personal jurisdiction, those issues may be taken up with a renewed PJR application.

With respect to the plaintiffs' request in the alternative for a cash bond, that request is not authorized by Connecticut's PJR statute.  As noted in Judge Garfinkel's ruling, Connecticut expressly limits a PJR to four forms of relief: attachment, foreign attachment, garnishment, or replevin.  Conn. Gen. Stat. § 52-278a(d); *Feldmann v. Sebastian*, 261 Conn. 721, 724–28 (2002) (denying plaintiff's request for transfers not authorized by the prejudgment remedy statute); *Munger v. Doolan*, 75 Conn. 656, 659 (1903) ("the statute [regarding attachments] is . . . exclusive. . . . Its provisions and requirements may not be disregarded with impunity, nor waived or changed by courts.").  The Recommended Ruling is approved and adopted with respect to its conclusion of law that a cash bond is not a remedy available under Connecticut's PJR statute.

**IV. Conclusion**

There is no clear error of law in Judge Garfinkel's Recommended Ruling on the

---

[2] The stipulation expressly provided that it did not resolve the issue "whether Defendants' assets located outside of the State of Connecticut, if any, must be brought to the State of Connecticut to satisfy said prejudgment remedy application." Stipulation ¶ 4 (doc. 73).

plaintiffs' supplemental motion, nor have the plaintiffs met their burden of demonstrating that the Recommended Ruling overlooked controlling authority or facts that would alter the conclusion reached by the court.  Accordingly, the Recommended Ruling (doc. 106) is APPROVED and ADOPTED with respect to Judge Garfinkel's findings regarding the absence of probable cause within the meaning of Connecticut's PJR statute, the parties' Stipulation, and the limited forms of relief available as a PJR.  The plaintiffs' request to order the defendant to transfer assets to Connecticut for attachment (docs. 85, 86) is DENIED without prejudice to re-filing a motion applying for a PJR.

It is so ordered.

Dated at Bridgeport, Connecticut, this 14th day of January 2015.

/s/  STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge